Eastern District of Kentucky
F I L E D
JAN 14 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| JOHN THOMAS KLINE, | ) |
| | ) |
| Petitioner, | ) Civil No. 0: 19-2-HRW |
| | ) |
| V. | ) |
| | ) |
| J. C. STREEVAL, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate John Thomas Kline has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the decision of the Bureau of Prisons not to immediately release him to home confinement pursuant to the Second Chance Act of 2007 and to not immediately grant him an additional 49 days of good conduct time pursuant to the First Step Act of 2018. [D. E. No. 1 at Page ID # 4-5] Kline has filed an emergency motion seeking immediate release on these grounds. [D. E. No. 4] This matter is before the Court to conduct an initial review of the petition as required by 28 U.S.C. § 2243.[1]

---

[1] See *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Kline's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and

1

In April 2014, Kline pleaded guilty in this Court to distributing oxycodone and carrying a firearm in furtherance of his drug trafficking, and was sentenced to 84 months imprisonment. *United States v. Kline*, No. 7:13-CR-14-KKC-EBA (E.D. Ky. 2013). Kline is currently projected to be released from BOP custody on August 10, 2019. See https://www.bop.gov/inmateloc/ (last visited on January 11, 2019).

In his petition and accompanying motion, Kline contends that he is entitled to immediate release to home confinement. He first states that the First Step Act increased the maximum allowable good conduct time from 47 to 54 days per year. The Act, which was enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which such credits are calculated. Given his 7-year sentence, Kline concludes that he is entitled to 49 additional days of good conduct time, which would advance his projected release date from August 10, 2019 to June 22, 2019. He then asserts that the Second Chance Act of 2007 requires that he be placed in home confinement six months before his release date. He therefore requests immediate release because that six-month period came and went on December 22, 2018. Kline alleges that on December 23, 2018 Case Manager Boyles refused to immediately release him to home confinement. Kline does not indicate in his petition what steps, if any, he has taken to formally exhaust his administrative

---

conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

2

remedies available within the BOP. [D. E. No. 1 at Page ID #5-6, 8; No. 4 at Page ID #24-25]

The Court has considered Kline's arguments, but concludes that his petition must be denied. First, Kline did not exhaust his administrative remedies prior to filing his petition. Before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the Bureau of Prisons. *Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). This case underscores the importance one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Without a full administrative record explaining the BOP's actions and the reasons therefor, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition. Here, Kline provides no indication that he filed an inmate grievance with the warden. More fundamentally, in the brief two-week period when the events in question transpired it was impossible for Kline to have filed inmate grievances with the warden and to appeal a denial and each level to the BOP's regional and national offices. 28 C.F.R. §§ 542.10-.18.

Even if that were not so, Kline's demand for relief is predicated upon a false premise: that he is entitled to be placed in home confinement for the last six months

3

of his sentence. The Second Chance Act amended 18 U.S.C. § 3624(c) to afford the BOP the *discretion*, but not the obligation, to place inmates in home confinement or a halfway house during last portion of their sentence. *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016); *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Such placements are generally for 3-6 months just prior to the inmate's release. In addition, by statute such determinations are insulated from judicial review even where an inmate contends that the BOP abused that discretion. 18 U.S.C. § 3625; see *Boulware v. Federal Bureau of Prisons*, 518 F. Supp. 2d 186, 188 n.3 (D.D.C. 2007); *Bernard v. Roal*, 716 F. Supp. 2d 354, 358-61 (S.D.N.Y. 2010); *Zuspan v. O'Brien*, No. 1: 13-CV-167, 2013 WL 6805574, at *4 (N.D. W.Va. Dec. 20, 2013).

Because Kline did not exhaust his administrative remedies prior to filing suit and because he is not automatically entitled to the placement in home confinement for the last portion of his sentence, he has failed to establish a right to habeas relief.

Accordingly, it is **ORDERED** as follows:

1. Petitioner John Thomas Kline's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. Kline's "Emergency Motion for Immediate Release ..." [D. E. No. 4] is **DENIED**.

3.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14 day of January, 2019.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge